IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 3, 2018

## IN RE MASON C. ET AL.

**Appeal from the Juvenile Court for Cumberland County**
**No. 2018-JV-6875      Larry M. Warner, Judge**

_____

## No. E2018-01378-COA-R3-PT

_____

This is a termination of parental rights case involving the parental rights of Allison T. ("Mother") to the children, Mason C. and Nathan C. ("the Children"), and the parental rights of Jeffrey M. ("Father") to Nathan C.[1]  On November 14, 2016, the maternal grandparents, Patricia T. and Robert T. ("Grandparents"), filed a petition to terminate the parental rights of Mother and Father to their respective Children.  Following a bench trial, the trial court terminated Mother's parental rights to the Children and Father's parental rights to Nathan upon its determination that the parents had abandoned the Children by willfully failing to support them and that termination of their parental rights was in the best interest of the Children.  Because the trial court failed to enter sufficient findings of fact and conclusions of law, we vacate the trial court's judgment and remand for entry of sufficient findings of facts and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k) (2017).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Cynthia Fields Davis, Crossville, Tennessee, for the appellant, Allison T.

Patricia A. Moore, Crossville, Tennessee, for the appellant, Jeffrey M.

James S. Smith, Jr., Rockwood, Tennessee, for the appellees, Patricia T. and Robert T.

---

[1] The record reflects that Mason's father was deceased prior to commencement of the termination of parental rights action.

**OPINION**

## I.  Factual and Procedural Background

On December 21, 2015, the Cumberland County Chancery Court ("chancery court") granted immediate emergency custody of the Children to Grandparents. Following a preliminary hearing, the chancery court found as follows:

> [T]here is a prima facie case of dependency and neglect with regard to the two minor children, based primarily on the fact that all of the parties admit that there was a shooting, apparently a drive-by shooting, at the residence of [Mother and Father], but also to some extent on the fact that both of the [parents] have criminal records and drug issues.

The chancery court then transferred the dependency and neglect action to the Cumberland County Juvenile Court ("trial court").  On May 27, 2016, the trial court entered an *ex parte* order suspending the parents' visitation.

On November 14, 2016, Grandparents filed a petition, seeking to terminate "any rights which [Mother] and/or [Father] have with respect to the [Children]."  The petition alleged the following as statutory grounds for termination of the parents' rights:  (1) severe child abuse of Mason, (2) abandonment by failure to provide financial support for the Children, (3) "fail[ure] to manifest an ability and willingness to maintain a proper environment for the children," and (4) persistence of the conditions leading to removal of the Children from the parents.

Following a bench trial conducted on June 5, 2018, the trial court terminated Mother's parental rights to the Children and Father's parental rights to Nathan in an order entered July 24, 2018.  The court found by clear and convincing evidence that the parents had abandoned the Children by willfully failing to financially support them and that termination of Mother's and Father's parental rights was in the best interest of the Children.  Mother and Father timely appealed.

## II.  Issues Presented

Mother has raised three issues for our review, which we have restated slightly:

1.  Whether the trial court made sufficient findings of fact and conclusions of law pursuant to Tennessee Code Annotated § 36-1-113(k).

2. Whether the trial court erred by finding clear and convincing evidence to support the statutory ground of abandonment by willful failure to financially support the Children.

3. Whether the trial court erred by finding clear and convincing evidence that termination of Mother's parental rights was in the best interest of the Children.

Father has also presented the following issues, which we have similarly restated:

4. Whether the trial court erred by entering an order terminating Father's parental rights more than thirty days following the hearing.

5. Whether the trial court erred by finding clear and convincing evidence that termination of Father's parental rights was in Nathan's best interest.

Grandparents have presented two additional issues for our review, which we have restated as follows:

6. Whether the trial court erred when it declined to terminate Mother's and Father's parental rights on the statutory ground of severe child abuse.

7. Whether the trial court erred when it declined to terminate Mother's and Father's parental rights on the statutory ground of persistence of the conditions leading to the removal of the Children from the parents' home.

III. Standard of Review

In a termination of parental rights case, this Court has a duty to determine "whether the trial court's findings, made under a clear and convincing standard, are supported by a preponderance of the evidence." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). The trial court's findings of fact are reviewed *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates against those findings. *See* Tenn. R. App. P. 13(d); *see also In re Carrington H.*, 483 S.W.3d 507, 524 (Tenn. 2016); *In re F.R.R., III*, 193 S.W.3d at 530. Questions of law, however, are reviewed *de novo* with no presumption of correctness. *See In re Carrington H.*, 483 S.W.3d at 524 (citing *In re M.L.P.*, 281 S.W.3d 387, 393 (Tenn. 2009)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and

shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002).

"Parents have a fundamental constitutional interest in the care and custody of their children under both the United States and Tennessee constitutions." *Keisling v. Keisling*, 92 S.W.3d 374, 378 (Tenn. 2002). It is well established, however, that "this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). As our Supreme Court has explained:

> The parental rights at stake are "far more precious than any property right." *Santosky* [*v. Kramer*], 455 U.S. [745,] 758-59 [(1982)]. Termination of parental rights has the legal effect of reducing the parent to the role of a complete stranger and of ["]severing forever all legal rights and obligations of the parent or guardian of the child." Tenn. Code Ann. § 36-1-113(l)(1); *see also Santosky*, 455 U.S. at 759 (recognizing that a decision terminating parental rights is "*final* and irrevocable"). In light of the interests and consequences at stake, parents are constitutionally entitled to "fundamentally fair procedures" in termination proceedings. *Santosky*, 455 U.S. at 754; *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty, N.C.*, 452 U.S. 18, 27 (1981) (discussing the due process right of parents to fundamentally fair procedures).

> Among the constitutionally mandated "fundamentally fair procedures" is a heightened standard of proof—clear and convincing evidence. *Santosky*, 455 U.S. at 769. This standard minimizes the risk of unnecessary or erroneous governmental interference with fundamental parental rights. *Id.*; *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d at 596 (citations omitted). The clear-and-convincing-evidence standard ensures that the facts are established as highly probable, rather than as simply more probable than not. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005).

> * * *

> In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own

- 4 -

determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights. *In re Bernard T.*, 319 S.W.3d at 596-97.

*In re Carrington H.*, 483 S.W.3d at 522-24. "[P]ersons seeking to terminate [parental] rights must prove all the elements of their case by clear and convincing evidence," including statutory grounds and the best interest of the child. *See In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010).

## IV. Entry of Final Judgment

As a threshold issue, Father contends that the trial court erred by entering an order terminating his parental rights over thirty days following the termination hearing. *See* Tenn. Code Ann. § 36-1-113(k) ("The court shall enter an order . . . within thirty (30) days of the conclusion of the hearing."). Based on the trial court's delay concerning the entry of its order, Father argues that this Court should "reverse the Trial Court's ruling." We disagree.

Tennessee Code Annotated § 36-1-113(k) undisputedly requires the trial court to enter an order within thirty days of the conclusion of the termination hearing. The trial court conducted the bench trial concerning the termination petition on June 5, 2018. We note, however, that Grandparents subsequently filed a "Motion for Further (Specific) Findings by the Court," on June 13, 2018, which the trial court heard on July 3, 2018. The trial court's final judgment was subsequently entered on July 24, 2018. During the time period spanning June 5, 2018, through July 24, 2018, neither Mother nor Father filed a motion requesting that the trial court expedite the entry of its order. *See In re Jackson G.*, No. M2013-02577-COA-R3-PT, 2014 WL 3844793, at *4 (Tenn. Ct. App. Aug. 4, 2014) ("[A] remedy is provided in the statute [Tennessee Code Annotated § 36-1-113(k)], that being a request to expedite the proceedings[.]").

This Court has previously determined that failure to comply with the thirty-day requirement of Tennessee Code Annotated § 36-1-113(k) "does not require nor contemplate vacating a trial court's judgment based merely on the untimely filing of the trial court's findings of fact and conclusions of law." *In re Jackson G.*, 2014 WL 3844793, at *4. Additionally, this Court has determined that the trial court does not lose jurisdiction over a termination case if it fails to enter an order within thirty days of the hearing pursuant to Tennessee Code Annotated § 36-1-113(k). *See id.* As such, we determine Father's argument in this regard to be without merit.

V. Sufficiency of Findings of Fact and Conclusions of Law

Additionally, both Mother and Father contend that the trial court failed to make sufficient findings of fact and conclusions of law as required by Tennessee Code Annotated § 36-1-113(k), which provides in pertinent part:

The court shall enter an order that <u>makes specific findings of fact and conclusions of law</u> within thirty (30) days of the conclusion of the hearing.

(Emphasis added.) Upon careful review, we agree.

In the case at bar, the trial court made oral findings of fact and conclusions of law following the hearing on June 5, 2018, and following a motion hearing on July 3, 2018. Those oral findings and conclusions were subsequently transcribed. In its judgment terminating parental rights, the trial court found by clear and convincing evidence that Mother and Father had abandoned the Children by willfully failing to support them and that termination of Mother's and Father's parental rights was in the best interest of the Children. In its judgment, the trial court adopted its oral findings of fact and conclusions of law from the hearings on June 5, 2018, and July 3, 2018, without making any further findings to support its judgment.

The trial court's judgment reads as follows in its entirety:

This Cause came on to be heard on the 5th day of June, 2018, and further upon the 3rd day of July, 2018 upon Petitioners' Motion for Further Findings by the Court, all before the Honorable Larry Warner, Judge, holding the Juvenile Court for Cumberland County, Tennessee, at Crossville. Upon the pleadings, the testimony of the parties and witnesses in Open Court, argument and remarks of counsel for all of the parties and the Guardian Ad Litem, all of the evidence introduced and upon the Entire File, the Court finds, as per Its oral pronouncement from the Bench at the conclusion of the first hearing in this matter, attached hereto as **Collective Appendix A** (4 pages) and upon Its further pronouncement at the July 3, 2018 hearing pursuant to the Motion for Further Findings, as per Its oral pronouncement from the Bench at the conclusion of that hearing, attached hereto as **Collective Appendix B** (4 pages), both of which (Appendices A and B) the Court hereby adopts and confirms, that the Petition for Termination is well taken in that [the Children] have been abandoned by the [Mother] and [Father] by willful failure to support as defined by T.C.A. § 36-1-102(1)(A)(i) as proven by clear and convincing evidence and further that the termination as prayed for is in the children's best interest, also as proven by clear and convincing evidence.

- 6 -

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT THE TERMINATION AS PRAYED FOR IN THE PETITION OF [GRANDPARENTS], IS HEREBY GRANTED AND ALL OF THE RIGHTS AND RESPONSIBILITIES WHICH [MOTHER] AND [FATHER] MAY HAVE WITH RESPECT TO THE [CHILDREN], AND LIKEWISE ALL THE RIGHTS AND RESPONSIBILITIES WHICH THE [CHILDREN] MAY HAVE TO THE RESPONDENTS, ARE HEREBY FOREVER TERMINATED AND FOR NOTHING HELD.

This Court has previously held that "[b]ecause of Tenn. Code Ann. § 36-1-113(k), trial courts cannot follow the customary practice of making oral findings from the bench and later adopting them by reference in their final order." *In re Adoption of Muir*, No. M2002-02963-COA-R3-CV, 2003 WL 22794524, at *3 (Tenn. Ct. App. Nov. 25, 2003) (internal footnote omitted). Moreover, this Court has followed the logic set forth in *In re Adoption of Muir* in subsequent cases, vacating the trial court's judgment for failure to make written findings of fact and conclusions of law in actions involving termination of parental rights in which the trial court had adopted oral findings and conclusions. *See, e.g.*, *In re K.J.G.*, No. E2015-00087-COA-R3-PT, 2016 WL 1203800, at *3-4 (Tenn. Ct. App. Mar. 28, 2016); *In re G.N.S.*, No. W2006-01437-COA-R3-PT, 2006 WL 3626322, at *6-7 (Tenn. Ct. App. Dec. 13, 2006). However, we also recognize the dissenting opinion filed in *In re K.J.G.*, 2016 WL 1203800, at *5 (Swiney, J., dissenting). In his dissenting opinion, Chief Judge Swiney questioned the continued application of "the apparent *Muir* rule" and indicated that transcribed oral findings of fact and conclusions of law could comply with Tennessee Code Annotated § 36-1-113(k) if the findings and conclusions were "sufficiently detailed." *Id.*

In this case, however, we do not find it necessary to address whether transcribed oral findings of fact and conclusions of law adopted by the trial court can satisfy the requirement of Tennessee Code Annotated § 36-1-113(k). Significantly, we note that the trial court's written order contains a dearth of findings of fact to support its conclusion that Mother and Father had abandoned the Children and that termination of the parents' rights was in the Children's best interest. Even assuming, *arguendo*, that the statutory authority allows adoption of oral findings of fact and conclusions of law in termination cases, we determine that the trial court's oral findings here would be insufficient to support termination of the parents' rights by clear and convincing evidence.

The trial court's oral findings of fact and conclusions of law following the termination hearing on June 5, 2018, were as follows:

In talking with Mason, there was some physical abuse alluded to. I don't think, though, that it rose to a level of severe or aggravated abuse. It did not. Therefore, I do not find that ground[].

Now, regarding the abandonment by failure to visit, these people have been under a court order since May of 20[1]6 that they cannot see [the Children]. So I can't find that ground[].

However, by clear and convincing proof, you have established that there is a willful failure to support. One Christmas basket . . . I mean Easter basket in two and a half years is not support. There's no doubt there was a failure to support.

Now, getting to the best interest . . . And this condition still exists obviously. They haven't done it since this lawsuit has been going on, which was November of 2016. So the condition still exists.

Now, you go to the best interest question. Nathan has been with his grandparents two and a half years. He's only four. It's the only home he knows. It's the only home he knows. Now, Mason is very happy where he is. So I find clearly that the best interest is that they stay with the grandparents. So I do grant the termination on that one ground. Thank you. Prepare me an order to that effect.

Grandparents' counsel subsequently filed a "Motion for Further (Specific) Findings by the Court," requesting that the trial court make a specific finding that termination of the parents' rights was in the best interest of the Children instead of its oral finding that it was in the Children's best interest to remain with the Grandparents. During the motion hearing, the trial court made the following oral findings of fact, which were subsequently adopted by the trial court in its order:

| | |
|---|---|
| The Court: | In addition to the grounds that have been found and what I said on that date – I think it was June the 5th – I do find that the termination is in the best interest of the child. |
| Grandparents' Counsel: | Does Your Honor want to say anything about the standard of proof? |
| The Court: | It was very convincing. |
| Grandparents' Counsel: | Thank you, Your Honor. |

The Court:            Just prepare an order consistent with that. And I appreciate you catching that.

The trial court's findings of fact and conclusions of law do not identify the determinative time period relevant to the parents' willful failure to support. Although the trial court found orally that "there [was] a willful failure to support," the court's findings were silent regarding the parents' ability to pay support during the determinative period. Furthermore, the trial court's judgment and oral ruling are unclear as to whether the trial court considered the best interest factors set forth in Tennessee Code Annotated § 36-1-113(i) (2017). The Tennessee Supreme Court has elucidated that "the court must consider all of the statutory [best interest] factors, as well as any other relevant proof any party offers." *In re Gabriella D.*, 531 S.W.3d 662, 682 (Tenn. 2017). Additionally, the trial court's oral findings appear to combine the statutory ground of persistence of conditions, which had been pled in the petition, with the best interest analysis. The trial court, however, did not make the required findings to support the ground of persistence of conditions, *see* Tenn. Code Ann. § 36-1-113(g)(3) (2017), nor did it address this statutory ground in its written order.

Due to the foregoing, we determine that the trial court's findings of fact and conclusions of law were not sufficient to comply with Tennessee Code Annotated § 36-1-113(k). When a trial court fails to perform its judicial duty as required by Tennessee Code Annotated § 36-1-113(k), this Court must remand the case to the trial court for entry of sufficient findings of fact and conclusions of law. *See In re B.L.R.*, No. W2004-02636-COA-R3-PT, 2005 WL 1842502, at *15 (Tenn. Ct. App. Aug. 4, 2005). We therefore vacate the trial court's judgment and remand for entry of findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k). As such, all remaining issues on appeal are pretermitted as moot.

## VI. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion and for collection of costs assessed below. Costs on appeal are taxed to the appellees, Patricia T. and Robert T.

_____
THOMAS R. FRIERSON, II, JUDGE